IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTONIO ROBERTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 123-169 |
| | ) | |
| SCOTT WIZA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254, seeking to challenge his convictions in the Superior Court of Richmond County, Georgia. (See doc. no. 1.) On November 29, 2023, the Court denied Petitioner's motion to proceed *in forma pauperis* ("IFP") and directed him to pay the $5.00 filing fee within twenty-one days. (Doc. no. 6.) Petitioner did not pay. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I. **BACKGROUND**

Petitioner was convicted by a Richmond County Superior Court jury of armed robbery and possession of a firearm during the commission of a crime, and on February 26, 2019, he was sentenced to twenty-five years in prison. (Doc. no. 1, pp. 1-2); see also Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Roberts, Antonio Willie" open

2018RCCR00207, last visited January 9, 2024) (hereinafter "Case 2018RCCR00207").[1] In a separate Richmond County Superior Court case, Petitioner pled guilty on February 11, 2019, to burglary in the first degree and was sentenced to six years of probation. (Doc. no. 1, p. 1-2); see also Richmond County Docket (follow "Criminal Search" hyperlink; then search for "Roberts, Antonio Willie" open 2018RCCR00172, last visited January 9, 2024) (hereinafter "Case 2018RCCR00172"). Petitioner attempts to challenge both sentences. (See doc. no. 1, p. 14.)

Petitioner concedes he has never filed an appeal in 2018RCCR00172. See Case 2018RCCR00172; (see generally doc. no. 1.) On March 4, 2019, and August 6, 2019, Petitioner filed a motion for new trial in 2018RCCR00207 in the Richmond County Superior Court. See Case 2018RCCR00207. The motion was denied on October 7, 2019. Id. On January 3, 2020, Petitioner filed an appeal of the denial in the Georgia Court of Appeals, and the denial was affirmed on August 21, 2020. Roberts v. State, A20A1015 (Ga. Ct. App. Aug. 21, 2020). On January 21, 2021, Petitioner filed a state writ of habeas in the Superior Court of Dooly County, which was denied on July 25, 2022. See Dooly County Superior Court Web Docket, available at https://peachcourt.com/Search?t=Civil (use "Case Search" by "party name"; then search for "Roberts, Antonio"; and open 21DV-0007, last visited January 9, 2024); (doc. no. 1, p. 3).

On September 21, 2022, Petitioner filed a certificate of probable cause to appeal the Dooly Court's ruling in the Georgia Supreme Court. Roberts v. Smith, S23H0193 (Ga. Aug. 21, 2023). The application was dismissed on August 21, 2023. Id.; (doc. no. 1, p. 6.) Petitioner

---

[1] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

states his habeas petition and later appeal were dismissed in both the Dooly Superior Court and Georgia Supreme Court because he filed his habeas petition in "the wrong court." (Doc. no. 1, p. 6.) Despite many letters to the state habeas court, Petitioner could not have it forwarded to the correct court. (Id.)

Petitioner challenges his state convictions on four grounds: (1) ineffective assistance of counsel, (2) Jesus Christ is our Lord and Savior, (3) judge as you would want to be judged, and (4) he was cursed as a child. (Id. at 3, 11.) Petitioner does not state any facts in support of any of these claims. (See generally id.) Petitioner concedes he did not raise Ground One in any of his direct appeals or post-conviction proceedings, (id. at 7), and does not answer if he raised the issues as to Grounds Two and Three, (id. at 8-10). Petitioner also notes under Ground Four there "was a curse pot on me as a child to come to prison so I won't become successful because of jealousy" and concedes he did not exhaust state remedies as to this ground because he "posted buddy 30 mill in Vegas." (Id. at 11.)

## II.  DISCUSSION

The petition should be dismissed for at least three reasons. First, Petitioner states no facts to support any of his claims, and Grounds Two through Four are mere religious assertions rather than legal arguments.

Second, as to Petitioner's vague reference to ineffective assistance of counsel in Ground One, Petitioner concedes he never exhausted state remedies with respect to any such claim in either criminal case. (See generally doc. no. 1.) In reference to Petitioner's probation sentence in 2018RCCR00172, Petitioner has never filed a direct appeal or state habeas petition regarding this judgment. See id.; Case 2018RCCR00172. Concerning Petitioner's twenty-five-year sentence in 2018RCCR00207, Petitioner concedes he has not exhausted his state court

3

remedies as to Ground One.  (See generally doc. no. 1.)  "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003); see also 28 U.S.C. §§ 2254(b)(1)(A) & (c).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).

Finally, the Court ordered Petitioner to pay the $5.00 filing fee and warned him that failure to comply could result in dismissal of this case without prejudice.  (Doc. no. 6.)  Nevertheless, Petitioner has not paid the filing fee.  In fact, he has not communicated with the Court at all since the filing of his motion to proceed IFP.  A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a petitioner has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v.

Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Petitioner's failure to pay the $5.00 filing fee or otherwise explain to the Court why he has not paid evidences non-compliance with a court order and amounts to a failure to prosecute. This is precisely the type of neglect contemplated by the Local Rules. Thus, in addition to Petitioner's failure to exhaust state court remedies as described above, the case is also subject to dismissal for failing to follow the Court's prior Order to pay the filing fee.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of January, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA